IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

JOHN RAMIREZ AND §
CHRISTINE RAMIREZ, §
    PLAINTIFFS, §
   §
v. §    Civil Action No. _____
   §
STATE FARM LLOYDS, §
    DEFENDANT. §

---

## INDEX OF MATTERS BEING FILED
## AND LIST OF ALL COUNSEL OF RECORD

---

      Defendant State Farm Lloyds ("Defendant") submits this *Index of Matters Being Filed and List of All Counsel of Record* pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas.   Pursuant to the Local Rule 81, the following items are being filed with the *Notice of Removal* filed by Defendant:

1.    Index of Matters Being Filed and List of All Counsel of Record (Exhibit A);

2.    A copy of the state court docket sheet (Exhibit B);

3.    Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows (Exhibit C):

- Plaintiffs' Original Petition;

- Service Issued on January 15, 2016;

- Service Returned on January 27, 2016;

- Defendant's Motion to Transfer Venue and Original Answer;



4.    The parties' respective attorneys are as follows:

A.    ATTORNEYS FOR PLAINTIFFS:

Kent Livesay
Law Offices of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050   Facsimile

B.    ATTORNEYS FOR DEFENDANT:

Dan K. Worthington
Sofia A. Ramon
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan Ave. (Zip: 78501)
P.O. Box 3725
McAllen, Texas 78502

Dated: February 24, 2016.

## REGISTER OF ACTIONS
### CASE NO. C-0204-16-B

| | | |
|---|---|---|
| John Ramirez, Christine Ramirez VS. State Farm Lloyds | §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Consumer/Commercial/Debt (OCA)**<br>Date Filed: **01/13/2016**<br>Location: **93rd District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds** | |
| **Plaintiff** | **Ramirez, Christine** | **R. KENT LIVESAY**<br>*Retained*<br>956-686-5776(W) |
| **Plaintiff** | **Ramirez, John** | **R. KENT LIVESAY**<br>*Retained*<br>956-686-5776(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 01/13/2016 | **Original Petition (OCA)**<br>*Plaintiffs' Original Petition* | | |
| 01/15/2016 | **Citation**<br>*emailed to: mona@livesaylawfirm.com*<br>State Farm Lloyds | Served<br>Returned | 01/30/2016<br>02/10/2016 |
| 01/15/2016 | **Service Issued**<br>*emailed to: mona@livesaylawfirm.com* | | |
| 02/10/2016 | **Service Returned**<br>*State Farm Lloyds served on 1/30/16* | | |
| 02/23/2016 | **Transfer of Venue, Filed**<br>*Defendant State Farm Lloyds' Motion to Transfer Venue and Original Answer to Plaintiffs' Original Petition* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** State Farm Lloyds<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 02/24/2016** | | | 77.00<br>77.00<br>**0.00** |
| 02/23/2016 | Transaction Assessment | | | 77.00 |
| 02/23/2016 | EFile Payments from TexFile | Receipt # DC-2016-014414 | State Farm Lloyds | (77.00) |
| | **Plaintiff** Ramirez, John<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 02/24/2016** | | | 304.00<br>304.00<br>**0.00** |
| 01/13/2016 | Transaction Assessment | | | 302.00 |
| 01/13/2016 | EFile Payments from TexFile | Receipt # DC-2016-002856 | Ramirez, John | (302.00) |
| 02/10/2016 | Transaction Assessment | | | 2.00 |
| 02/10/2016 | EFile Payments from TexFile | Receipt # DC-2016-011137 | Ramirez, John | (2.00) |



EXHIBIT
B

C-0204-16-B
## 93RD DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**State Farm Lloyds**
**By Serving: Corporation Service Company**
**211 E. 7th St., Ste. 620**
**Austin, TX 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Rodolfo "Rudy" Delgado, 93rd District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 13th day of January, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-0204-16-B, **JOHN RAMIREZ, CHRISTINE RAMIREZ VS. STATE FARM LLOYDS**

Said Petition was filed in said court by R. KENT LIVESAY, 5319 S MCCOLL ROAD EDINBURG TX 78539.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 15th day of January, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**ALESSANDRA GALVAN, DEPUTY CLERK**



C-0204-16-B
**OFFICER'S RETURN**

Came to hand on 27th of January , 2016 at 11:20 o'clock A .m. and
executed in Hidalgo County, Texas by delivering to each of the within named
Defendant in person, a true copy of this citation, upon which I endorsed the date of
delivery to said Defendant together with the accompanying copy of the
_____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| State Farm LLOyd By serving corporate service CO | | | 211 E 7th Street, Suite 620, Austin Texas 78701 |

And not executed as to the defendant, _____ the
diligence used in finding said defendant, being: _____ and the
cause of failure to execute this process is: _____ and the
information received as to the whereabouts of said defendant, being:
_____. I actually and necessarily traveled _____ miles in the
service of this citation, in addition to any other mileage I may have traveled in the service
of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles..................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to
serve a citation must sign the return. If the return is signed by a person other than a
sheriff, constable or the clerk of the court, the return must either be verified or be signed
under the penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is Ruben Luna Jr , my date of birth is
8/29/63 and the address is 7303 Gut Cruser ,and I
declare under penalty of perjury that the foregoing is true and correct. Ed Luong

EXECUTED in Hidalgo County, State of Texas, on the _____ day of January ,
201 6 .

_____
**Declarant"**

9/30/17-9212

**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-0204-16-B _____

| | | |
|---|---|---|
| JOHN RAMIREZ AND | § | IN THE DISTRICT COURT |
| CHRISTINE RAMIREZ, | § | |
|     Plaintiffs | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
|     Defendant | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUEST FOR RULE 194.2 DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, JOHN RAMIREZ AND CHRISTINE RAMIREZ, hereinafter referred to as ("PLAINTIFFS"), and file their Original Petition against STATE FARM LLOYDS, (hereinafter referred to as "DEFENDANT") and for cause of action would respectfully show the Court the following:

I.

Discovery

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intend to conduct discovery under Level 3.

II.

Parties and Service

PLAINTIFFS own the following dwelling, policy and were assigned the following claim number:

1

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0204-16-B

| Clients | Address | Policy Number | Claim Number |
|---|---|---|---|
| John Ramirez and Christine Ramirez | 604 Balboa Ave. Rancho Viejo, Texas 78575 | 83-CS-9528-5 | 53-597G-305 |

DEFENDANT STATE FARM LLOYDS, is a Texas Corporation duly licensed to conduct business in Texas and is the INSURANCE COMPANY complained of in this matter and may be served with process by serving its registered agent:  Corporation Service Company, 211 E. 7th St, Ste. 620, Austin, Texas 78701-3218.   Service may be perfected via Certified Mail Return Receipt Requested.

III.

Jurisdiction and Venue

Venue of this action is proper in Hidalgo County, Texas because the policy at issue was issued and delivered in Hidalgo County, Texas, because the property insured is situated in Hidalgo County, Texas, because PLAINTIFFS' losses occurred in Hidalgo County, Texas, and because all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in Hidalgo County, Texas.

Jurisdiction is proper in this state as the DEFENDANT is conducting business in the State of Texas. The insurance business done by the DEFENDANT in Texas includes, but is not limited to, the following:

1.    The making and issuing of contracts of insurance with PLAINTIFFS;

2.    The taking or receiving of application for insurance, including PLAINTIFFS' applications for insurance;

2

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0204-16-B**

3.     The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from PLAINTIFFS;

4.     The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including PLAINTIFFS; and

5.     The investigation and or adjustment of insurance claims within the state of Texas.

IV.

Rule 47 Statement

The amount in controversy and damages sought are within the jurisdictional limits of the Court. Plaintiffs seek monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorney's fees. Plaintiffs assert Judgment in the amount of $100,000.00 or less, including damages of any any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorney's fees.

V.

Facts

DEFENDANT and/or its agents committed the actions alleged against PLAINTIFFS in this complaint. DEFENDANT provided coverage to the PLAINTIFFS for such dwelling, personal property, and other matters under the Insurance Policy.

PLAINTIFFS, as listed above, own a home in Hidalgo County and were insured an insurance policy insuring that home by DEFENDANT. On or about May 28, 2014, the structures were subjected to covered damages. PLAINTIFFS promptly reported their losses and were assigned the claim number listed above.

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0204-16-B**

During the term of said policy, PLAINTIFFS sustained covered losses in the form of wind, hailstorm, and water damages resulting from openings created by those perils, including damage to the architectural finishes of the property. The damages were from the hailstorm, which devastated property in Hidalgo County, Texas.  As a result of the covered events, PLAINTIFFS' property sustained damages, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. The damages sustained to PLAINTIFFS' home are covered damages under the insurance policy; however, DEFENDANT has failed to fully compensate PLAINTIFFS for the damages to their home in accordance with their policy.  PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to live in a damaged home during the pendency of DEFENDANT'S claims decision.

VI.

Conditions Precedent

All notices and proof of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law.  More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to DEFENDANT on July 24, 2015. All of the conditions precedents to bring this suit under the insurance policy, and applicable statutory regimes have occurred. Despite the fact that all conditions precedent to PLAINTIFFS' recovery have occurred and/or have been

4

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0204-16-B

performed, DEFENDANT failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

There is no federal question nor any allegations giving rise to a federal question.

VII.

Breach of Contract

PLAINTIFFS purchased an insurance policy with DEFENDANT. PLAINTIFFS' property was damaged by the covered perils of windstorm and hailstorm. These perils created openings through which water damage resulted. These damages are covered under the insurance policy. DEFENDANT has denied and/or delayed payment of PLAINTIFFS' covered claims. DEFENDANT had no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible and unconscionable. DEFENDANT took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with PLAINTIFFS. The conduct of DEFENDANT has proximately caused damages to PLAINTIFFS.

VIII.

DTPA Violations

PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). By their conduct outlined above, DEFENDANT has engaged in the following violations

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0204-16-B

of the DTPA, which, together and separately, has been a producing cause of

PLAINTIFFS' damages:

(a)    DEFENDANT made false representations about PLAINTIFFS' rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)    DEFENDANT'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(l), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    DEFENDANT failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by DEFENDANT at the time for the purpose of inducing PLAINTIFFS into transactions which she would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)    As described above, DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANT took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy and failed to disclose pertinent information regarding damages to PLAINTIFFS' property.

DEFENDANT'S conduct as described herein was a producing cause of damages to PLAINTIFFS for which they sue. The conduct of DEFENDANT as more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of its conduct, DEFENDANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seek an award under the DTPA for economic damages and all other available damages as a result of DEFENDANT'S conduct.

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0204-16-B**

IX.

Unfair Insurance Practices

DEFENDANT failed to inform PLAINTIFFS of material facts such as the true scope of damages, terms of the policy, and cost to repair. DEFENDANT failed to properly process claims and have misrepresented material facts to PLAINTIFFS. DEFENDANT has failed to address all damage to the property and its contents causing further damage to PLAINTIFFS.

Further, DEFENDANT intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS and have intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which DEFENDANT is fully aware. DEFENDANT concealed damage known by them to exist. DEFENDANT knew about covered windstorm and water damages but failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, such as the amount of and the extent of covered losses, preferring instead to pay a small portion of loss and to deny the rest. PLAINTIFFS attempted to dispute these charges on their own but were forced to hire his attorneys when DEFENDANT failed to respond.

By their conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0204-16-B

(1)     DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of PLAINTIFFS' claims once liability became reasonably clear. (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     DEFENDANT failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     DEFENDANT breached its duty of good faith and fair dealing at common law;

(5)     DEFENDANT failed within a reasonable time to affirm or deny coverage of a claim to a policyholder. (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)     DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)     DEFENDANT compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)     DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)     DEFENDANT undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)    DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0204-16-B

(a) DEFENDANT made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

  (i) the terms of the policy; and/or

  (ii) the benefits or advantages promised by the policy.

(b) DEFENDANT made untrue statements of material facts (Tex. Ins. Code Ann. 541.060(a)(l); 28 TAC section 21.203(1));

(c) DEFENDANT failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made;

(d) DEFENDANT made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact; and

(e) DEFENDANT is refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11).

The conduct of DEFENDANT as described herein was a producing cause of damages to PLAINTIFFS.

X.

Breach of the Duty of Good Faith and Fair Dealing

From and after the time PLAINTIFFS' claim was presented to DEFENDANT, liability to pay the claim in accordance with the terms of insurance policy referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable INSURANCE COMPANY would have relied to deny and/or delay payment for PLAINTIFFS' claim DEFENDANT refused to accept the claim in totality and pay PLAINTIFFS as the

9

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0204-16-B

policy required.   At that time, DEFENDANT knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim.

This constitutes failing to handle or process PLAINTIFFS' claim in good faith, an affirmative duty placed on the DEFENDANT, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANT breached its duty to deal fairly and in good faith with PLAINTIFFS.

DEFENDANT'S breach was a proximate cause of the losses, expenses, and damages suffered by PLAINTIFFS for which they sue.

XI.

Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claim to DEFENDANT and DEFENDANT engaged in unfair settlement claim practices as discussed above and denied and/or have delayed payment on PLAINTIFFS' claim. DEFENDANT'S investigation and reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S minimal investigation and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFFS' disputes the reliability of his investigative findings.  DEFENDANT has failed to comply with the requirements of Chapter 542 listed herein:

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0204-16-B**

(a)    Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)    Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(c)    Failing to request all of the items, statements and forms the DEFENDANT reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS' claim, together with attorney's fees, for which they sue.

XII.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS have substantially complied and/or compliance is excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion pled by DEFENDANT and furthermore would show that:

1.    The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.    Any other construction and its use by DEFENDANT violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0204-16-B

3.     Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.     Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.     The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with DEFENDANT. In this regard, PLAINTIFFS would show that a similar insurance policy was renewed uninterrupted for many years; and

6.     The adoption of any other construction constitutes conduct in violation of the laws of this state; including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS.

In the alternative, DEFENDANT is judicially, administratively, or equitably stopped from denying PLAINTIFFS' construction of the policy coverage at issue.

To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake requiring reformation.

XIII.

Damages

Due to the acts and omissions of the Defendant, more specifically set forth above, Plaintiffs seek to recover all actual and special damages, including but not limited to the following: past, present, and future costs of repair to Plaintiffs' home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0204-16-B

repairs are occurring.  The Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract.  The Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment and post judgment interest and attorney's fees.

Plaintiffs' damages as described in this petition are within the jurisdictional limits of the Court.

XIV.

Request for Rule 194.2 Disclosures

Under Texas Rule of Civil Procedure 194.2, PLAINTIFFS request that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

XVI.

Prayer

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That DEFENDANT be cited to appear and that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANT for economic damages, attorney's fees, cost of suit, pre-judgment and post-judgment interest, and for such other and further relief to which Plaintiffs may be justly entitled.

Electronically Filed
1/13/2016 3:15:51 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0204-16-B**

Respectfully submitted,

Law Offices of R. Kent Livesay, P.C.
5319 South McColl Road
Edinburg, Texas 78539
(956) 686-5776 Telephone
(956) 686-0050 Facsimile
mona@livesaylawfirm.com


By:__/s/ R. Kent Livesay_____
         R. Kent Livesay
         Texas Bar No. 00790057

**ATTORNEY FOR PLAINTIFFS**

Electronically Filed
2/23/2016 9:07:28 AM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

CAUSE NO. C-0204-16-B

| | | |
|---|---|---|
| JOHN RAMIREZ AND | § | IN THE DISTRICT COURT OF |
| CHRISTINE RAMIREZ, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| Defendant. | § | 93rd JUDICIAL DISTRICT |

### DEFENDANT STATE FARM LLOYDS' MOTION TO TRANSFER VENUE, AND ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **STATE FARM LLOYDS**, hereinafter referred to as "Defendant" in the above styled and numbered cause, and file its Original Answer to Plaintiffs' Original Petition, and in support thereof, would respectfully show the Court the following:

### I.    MOTION TO TRANSFER VENUE

1.1    Defendant specifically denies that Hidalgo County is a county of proper venue. The facts alleged in Plaintiffs' Original Petition occurred in Cameron County, Texas. Pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1), venue is proper in Cameron County, Texas.

1.2    Defendant specifically denies that Plaintiffs' loss occurred in Hidalgo, County, Texas. Plaintiffs' property which is the subject of this dispute is located in Cameron County, Texas. Plaintiffs' Original Petition alleges that Plaintiffs reside at 604 Balboa Ave., Rancho Viejo, Texas 78575, which is located in Cameron County, Texas.

1.3    Defendant specifically denies that all or a substantial part of the events giving rise to the suit occurred in Hidalgo County, Texas. Plaintiffs' claim was adjusted in Cameron, County, Texas.

1

Electronically Filed
2/23/2016 9:07:28 AM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

1.4     Defendant specifically denies that the policy at issue was issued in Hidalgo, County, Texas.

1.5     Defendant specifically denies that any alleged agreement with Plaintiffs allows Defendant to be sued in Hidalgo County.

1.6     Defendant specifically denies having a principal office in Hidalgo County, Texas.

1.7     Defendant specifically denies that there is any provision in writing wherein any party to the alleged agreement made the basis of the suit was obligated to perform any act in Hidalgo County or a definite place in Hidalgo County.

1.8     Defendant would show that insufficient allegations are made in Plaintiffs' pleading which would establish Hidalgo County as a county of proper venue or, in the alternative, Defendant specifically denies the venue allegations, if any, contained in Plaintiff's pleading, to the extent same would tend to indicate that Hidalgo County is a county of proper venue.

1.9     Venue is proper in Cameron County, Texas, and is improper in Hidalgo County, Texas, pursuant to Texas Civil Practice and Remedies Code Sections 15.002 (a)(1).  State Farm would respectfully show that this cause of action should be transferred to a district court in Cameron County, Texas.

## II.     GENERAL DENIAL

Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition and demand strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

Electronically Filed
2/23/2016 9:07:28 AM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

### III.    AFFIRMATIVE DEFENSES

**1.      Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

**2.      Deductible/Offset.** State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' $3,466.00 deductible.

**3.      Payment.** Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the policy in connection with the damages and the insurance claim, that give rise to Plaintiffs' claims in this lawsuit, including payment(s) made in connection with prior insurance claim(s) regarding the same damages.

**4.      Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

**5.      Non-Covered Losses.** Plaintiffs' claims are barred, in whole or in part, to the extent certain damages and losses as alleged in Plaintiffs' Original Petition, none being admitted, may have been proximately caused in whole or in part by non-covered losses and/or events, including but not limited to normal wear and tear.

**6.      Failure of Policy Conditions/Conditions Precedent.** Defendant hereby assert all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss." Specifically, Plaintiffs

3

Electronically Filed
2/23/2016 9:07:28 AM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

failed to satisfy the condition of the Policy requiring Plaintiffs to timely report damage, which reads as follows:

## SECTION I – CONDITIONS

\* \* \* \* \*

2.   **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:

   a.   give immediate notice to us or our agent…

   b.   protect the property from further damage or loss, make reasonable and necessary temporary repairs required to      protect the property, keep an accurate record of repair    expenditures;

\* \* \* \* \*

Plaintiffs first reported their claim, which is the subject of this lawsuit, on February 3, 2015, almost nine months after the May 28, 2014 date of loss alleged in the Plaintiffs' Original Petition. Plaintiffs cannot recover, in whole or in part, on Plaintiffs' breach of contract cause of action, and consequently on all of the other causes of action alleged in Plaintiffs' Original Petition, because of Plaintiffs' failure to satisfy all conditions precedent contained in the Policy at issue.

7.   **Suits Against Us.**   Defendant contends Plaintiffs are barred from brining this action because they have failed to comply with the policy provisions as required by the "Suits Against Us" endorsement.

8.   **Failure to Mitigate.** Defendant asserts that Plaintiffs have failed to make reasonable efforts to mitigate their damages.

9.   **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiffs recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

Electronically Filed
2/23/2016 9:07:28 AM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

10.     **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.*, applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.   Further, unless Plaintiffs prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

11.     **Chapter 38 Attorney's Fees.** Plaintiffs cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for…(8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8).   Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to Defendant State Farm Lloyds. *Fleming & Assocs., L.L.P. v. Barton*, 2014 Tex. App. LEXIS 2250 (Tex. App. Houston 14th Dist. Feb. 27, 2014).

## IV.     <u>JURY DEMAND</u>

Defendant respectfully demands a jury trial and herewith tender the required jury fee.

## V.     <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant **STATE FARM LLOYDS** requests that this Court set this Motion to Transfer Venue for hearing; after hearing, grant its Motion to Transfer Venue and transfer this cause to the county court of Cameron County, Texas; tax costs incurred herein against Plaintiffs; and for such other and further relief, including general relief, to which it may be justly entitled.

Electronically Filed
2/23/2016 9:07:28 AM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

Respectfully submitted,

**ATLAS, HALL & RODRIGUEZ, LLP**
P. O. Drawer 3725
818 Pecan (78501)
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

By: _____
Sofia A. Ramon
State Bar No. 00784811
sramon@atlashall.com
Dan K. Worthington
State Bar No. 00785282
dkw@atlashall.com
Elizabeth S. Cantu
State Bar  No. 24013455
ecantu@atlashall.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of February, 2016, a true and correct copy of the foregoing document was sent via facsimile to the following:

Kent Livesay
LAW OFFICES OF R. KENT LIVESAY, P.C.
5319 South McColl Road
Edinburg, Texas 78539
(956) 686-5776 - Telephone
(956) 686-0050 - Facsimile

**Attorneys for Plaintiffs**

_____
Dan K. Worthington